U.S. DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:

KAREN THOMPSON,

    Plaintiff,

vs.

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINES, a
Foreign Corporation,

    Defendant.

_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, **KAREN THOMPSON**, by and through her undersigned counsel, hereby sues the Defendant, **CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES, a Foreign Corporation**, and alleges as follows:

1. This is an action for damages that exceeds this Court's minimum jurisdictional requirements, to wit, $75,000.00, exclusive of all interest and costs.

2. This Court has jurisdiction based on diversity of citizenship 28 USC §1332. This action also arises under maritime law such that the Court has admiralty or maritime jurisdiction pursuant to 28 USC §1333.

3. Venue in the United States District Court for Southern District of Florida is appropriate pursuant to the forum selection clause contained in the passenger ticket between Plaintiff and Defendant.

4. At all times material, Plaintiff, **KAREN THOMPSON**, was and is a resident and domiciled in the State of Georgia, now living in Smyrna, GA, and at all times material was a passenger on board defendant's vessel, **DREAM**.

5. At all times material, Defendants, **CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES**, personally or through an agent:

   A. Operated, conducted, engaged and/or carried on a business venture in the State of Florida, and in particular Miami-Dade County, Florida;

   B. Were engaged in substantial business activity in the State of Florida, and in particular, in Miami-Dade County, Florida;

   C. Operated vessels and provided vessels for cruises in the waters of this state;

   D. Committed one or more acts as set forth in F.S. §48,081, 48.181 and 48.193, which submit the defendant to the jurisdiction and venue of this Court. Further, this court has jurisdiction of this action under 28 U.S.C. §1333(1);

   E. The acts of defendants set out in the Complaint occurred in whole or in part in Miami-Dade County and/or the State of Florida.

6. All conditions precedent to the institution of this action have been satisfied, or otherwise excused, including the pre-suit notice required by the terms and conditions of Defendant's cruise ticket. (See notice letter attached as Exhibit "A"). (The ticket is no longer in Plaintiff's possession).

## COUNT I - NEGLIGENCE

7. On or about July 8, 2014[1], Defendant owned and operated a passenger cruise

---

[1] The Statute of Limitations has been extended by agreement between the parties until 10/05/15.

ship known as the "**DREAM**."

8. At such time and place, Plaintiff, **KAREN THOMPSON**, was lawfully and legally aboard said vessel as an invitee and paying passenger with the actual and/or constructive consent of Defendant.

9. On July 8, 2014, while on board the **DREAM**, which was operating in navigable waters, the Plaintiff, **KAREN THOMPSON**, was seriously injured when she slipped and fell on a wet deck surface, as she was walking in the food service area/buffet on Deck 10, seriously injuring her left knee and right arm.

10. At all times material hereto Defendant, **CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES**, owed a duty to Plaintiff and other similarly situated passengers to exercise reasonable care under the circumstances.

11. Defendant, **CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES**, breached its duty owed to Plaintiff by committing one or more of the following acts or omissions:

    A. Failing to exercise reasonable care for the safety of its passengers by creating a dangerous condition on the deck surface of Deck 10 of the Carnival *Dream*;

    B. Failing to properly maintain the deck surfaces and walkway on Deck 10 in a reasonably safe condition;

    C. Failing to inspect the deck and walking surfaces of Deck 10 in a sufficient and diligent manner to determine the presence of foreign, transitory substances including but not limited to an excessively water-logged floor mat in front of a kitchen door seeping excess water onto the passenger deck;

    D. Failing to provide a reasonable walkway and deck surface on its vessel, reasonably fit for use by its passengers;

E. Failing to warn passengers, including Plaintiff of the wet floor mat and deck surface, of which Defendant knew of or in the exercise of reasonable care, should have known existed for a sufficient period of time in the subject area;

F. Negligently establishing and enforcing a method of operation on Deck 10 for inspection and maintenance of the deck and walkway surfaces, especially immediately adjacent to the kitchen and food preparation areas, where Plaintiff fell;

G. Allowing a dangerous condition to exist notwithstanding prior substantially similar injury incidents on the deck surfaces of Deck 10 on this and other vessels in its fleet and this class, on the same deck surfaces, including the area where Plaintiff fell, with sufficient frequency to both provide notice and create a pattern of conduct which demands remedy;

H. Failing to train crew members in the assessment, inspection, discovery, and cleaning of foreign, transitory substances on the deck surfaces of Deck 10 of the Carnival Dream with sufficient efficiency to avoid or minimize regularly wet deck surfaces;

I. Failing to comply with its own internal policies and procedures established by the ISM Code, SQMS, and other internal operational procedures required by the ISM Code, SOLAS, all applicable health, building and safety codes and ordinances in accordance with 33 CFR 96.100 et. seq., 46 USC Section 3201 et. seq. and all Rules and Regulations, including, but not limited to all relevant standards NVIC's of the United States Coast Guard, and IMO.

12. As a direct and proximate result of Defendant's negligence and above referenced breaches of duty, Plaintiff, **KAREN THOMPSON**, suffered bodily injuries and resulting pain and suffering, physical and mental pain and anguish, disability, loss of capacity for the enjoyment of life, expense of hospitalization, surgery and medications, loss of earnings in the past, loss and/or impairment of the ability to earn money, expenses for physical therapy, and medical and nursing expenses. Said losses are either permanent or continuing in nature and Plaintiff will suffer these losses into the future.

Case 1:15-cv-23697-UU   Document 1   Entered on FLSD Docket 10/05/2015   Page 5 of 5
Thompson v. Carnival Corporation d/b/a Carnival Cruise Lines
Complaint for Damages
Page 5

**WHEREFORE**, Plaintiff, **KAREN THOMPSON**, demands judgment, interest and costs against Defendant, **CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES**, a trial by jury and any such other relief to which the Plaintiff may be justly entitled.

Dated: October 05, 2015.

> LAW OFFICE OF GLENN J. HOLZBERG
> Offices at Pinecrest II, Suite 220
> 7685 S.W. 104th Street
> Miami, Florida 33156
> Telephone: (305) 668-6410
> Facsimile:  (305) 667-6161
>
> BY:   /s/ Glenn J. Holzberg
>       GLENN J. HOLZBERG
>       Fla. Bar # 369551